**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**


DANNY CABRERA,

     Plaintiff,

v.                                                          Case No. 8:26-cv-35-WFJ-SPF

DR. GASPAR,

     Defendant.

_____/

**<u>ORDER</u>**

This action proceeds on *pro se* Plaintiff Danny Cabrera's amended civil-rights complaint under 42 U.S.C. § 1983. (Doc. 5). The Court gave Mr. Cabrera until March 10, 2026, to show cause why this case should not be dismissed for abuse of the judicial process because he failed to truthfully disclose all his prior federal cases, as required by the complaint form. (Doc. 8). Mr. Cabrera did not file a response. After careful consideration, the Court concludes that this action must be dismissed without prejudice for abuse of the judicial process.

When he signed the complaint form, Mr. Cabrera certified his compliance with Federal Rule of Civil Procedure 11. (Doc. 5 at 13). The form required Mr. Cabrera to disclose, among other things, all "other lawsuits" he had filed "in state or federal court . . . relating to the conditions of [his] imprisonment." (*Id.* at 11). Mr. Cabrera represented that

he had not filed any such cases.[1] (*Id.* at 11-12). But the Court independently identified two conditions-of-confinement lawsuits brought by Mr. Cabrera: *Cabrera v. Pasco Cnty. Jail*, No. 8:25-cv-2192-WFJ-TGW (M.D. Fla.), and *Cabrera v. Warren*, No. 1:21-cv-17349-ESK-AMD (D.N.J.).

The inquiry concerning a prisoner's prior lawsuits is not a matter of idle curiosity, nor is it an effort to raise meaningless obstacles to a prisoner's access to the courts. It has been the Court's experience that a significant number of prisoner filings raise claims or issues that have already been decided adversely to the prisoner in prior litigation. Identification of that prior litigation frequently enables the Court to dispose of the successive case without further expenditure of finite judicial resources.

In the absence of any basis for excusing his lack of candor, Mr. Cabrera's failure to disclose previous lawsuits as clearly required on the Court's civil-rights complaint form warrants dismissal of this action for abuse of the judicial process. *See Redmon v. Lake County Sheriff's Office*, 414 F. App'x 221, 225 (11th Cir. 2011). In *Redmon*, the Eleventh Circuit affirmed the dismissal of a prisoner's civil-rights complaint that did not disclose a previous lawsuit. The plaintiff argued that he "misunderstood" the form, but the court held that the district court had the discretion to conclude that the plaintiff's explanation did not excuse his misrepresentation because the complaint form "clearly asked [p]laintiff to disclose previously filed lawsuits." *Id.* at 226. The court determined that dismissal was an appropriate sanction:

---

[1] Mr. Cabrera's initial complaint likewise disclosed no prior lawsuits. (Doc. 1 at 9-10).

> Under 28 U.S.C. § 1915, "[a] finding that the plaintiff engaged in bad faith litigiousness or manipulative tactics warrants dismissal." *Attwood v. Singletary*, 105 F.3d 610, 613 (11th Cir. 1997). In addition, a district court may impose sanctions if a party knowingly files a pleading that contains false contentions. Fed. R. Civ. P. 11(c). Although *pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys, a plaintiff's *pro se* status will not excuse mistakes regarding procedural rules. *McNeil v. United States*, 508 U.S. 106, 113 (1993).

*Id.* at 225-26. The failure to exercise candor in completing the form impedes the court in managing its caseload and merits the sanction of dismissal. *See id.*; *McNair v. Johnson*, 143 F.4th 1301, 1306 (11th Cir. 2025) (district court "had inherent authority to dismiss [plaintiff's] complaint without prejudice as a sanction for his failure to disclose his full litigation history as required by the standard inmate complaint form"); *Jenkins v. Hutcheson*, 708 F. App'x 647, 648 (11th Cir. 2018) (finding that "the district court was entitled to dismiss [plaintiff's] complaint based on his failure to fully disclose his litigation history," and noting that the district court reasoned that requiring prisoners to disclose prior lawsuits is important to enable courts to dispose of successive cases that relitigate old matters).

Therefore, the Court finds that Mr. Cabrera's failure to disclose his previous lawsuits constitutes an abuse of the judicial process. *See Rivera v. Allin*, 144 F.3d 719, 731 (11th Cir. 1998), *abrogated in part on other grounds by Jones v. Bock*, 549 U.S. 199, 215 (2007). An appropriate sanction for such abuse of the judicial process is the dismissal of the amended complaint without prejudice. Mr. Cabrera will not be prejudiced by this dismissal. He may refile his claims in a new case under a new case number, using the proper form and making the requisite disclosures.

Accordingly, this case is **DISMISSED without prejudice**.[2] Such dismissal counts as a "strike" for purposes of the three-strikes provision of the Prison Litigation Reform Act, 28 U.S.C. § 1915(g). *See Pinson v. Grimes*, 391 F. App'x 797, 799 (11th Cir. 2010) (finding that district court did not err in finding an abuse of judicial process and issuing a strike where plaintiff did not list all his prior federal cases). The Clerk is directed to enter judgment dismissing this case without prejudice, to terminate any pending motions, and to **CLOSE** this case.

**DONE** and **ORDERED** in Tampa, Florida, on March 16, 2026.

_____
**WILLIAM F. JUNG**
**UNITED STATES DISTRICT JUDGE**

---

[2] This case is also subject to dismissal without prejudice because Mr. Cabrera failed to update his address. The Court warned Mr. Cabrera that his "[f]ailure to inform the Court of an address change [would] result in the dismissal of this case without further notice." (Doc. 4 at 7). Although Mr. Cabrera was detained at the Pasco County Detention Center when he filed this action, the Pasco County inmate database shows that he was subsequently released from custody. *See* https://jailinfo.pascocorrections.net/jmc/#/inCustody (last visited March 16, 2026). Despite his release, Mr. Cabrera has not updated his address with the Court.